**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
U.F., individually and on behalf of E.M.,
a child with a disability,

                             Plaintiff,

                -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                         Defendant.
------------------------------------------------------------------X

**23-CV-08745 (DEH) (VF)**

**REPORT AND**
**RECOMMENDATION**

**VALERIE FIGUEREDO, United States Magistrate Judge**

**TO: THE HONORABLE DALE E. HO, United States District Judge.**

       Plaintiff U.F., individually and on behalf of minor child E.M., a child with a disability,

commenced this lawsuit against the New York City Department of Education ("DOE"). Plaintiff

seeks attorney's fees under the fee-shifting provision of the Individuals with Disabilities

Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), after a successful outcome in the underlying

administrative proceeding brought to enforce E.M.'s right to a free and appropriate public

education ("FAPE"). Plaintiff filed the instant motion, seeking $45,611.76 in attorney's fees and

costs. For the reasons set forth below, I respectfully recommend that Plaintiff's motion be

**GRANTED** in part and **DENIED** in part and that Plaintiff be awarded attorney's fees in the

amount of $25,167.85 and costs in the amount of $491.76.

## FACTUAL BACKGROUND

       Plaintiff U.F. is the parent of E.M., a child with a learning disability, as defined by the

IDEA, 20 U.S.C. § 1401(3)(A). See ECF No. 1 at ¶¶ 3-4, 9. The Cuddy Law Firm has been

representing Plaintiff since December 2014. See ECF No. 21 at 11-12[1]; ECF No. 22 at ¶ 1; see also ECF No. 24 at ¶ 21. On December 6, 2021, Plaintiff filed a Due Process Complaint (Case Number 222437), alleging that E.M. was not provided a FAPE for the 2021-2022 school year and requesting a due process hearing pursuant to 20 U.S.C. § 1415(f)(1). See ECF No. 1 at ¶¶ 10-12. The Due Process Complaint requested that the Hearing Officer find that E.M.'s private school placement was an appropriate placement, and that the DOE pay E.M.'s tuition and related costs at the private school for the 2021-2022 school year, among other things. Id. at ¶ 13.

On January 11, 2022, the DOE agreed that the "twelve-month program at the private school, including transportation, was E.M.'s proper pendency placement." Id. at ¶ 16. On April 14, 2022, Sharifa Milena Nasser was appointed as Impartial Hearing Officer ("IHO Nasser"). Id. at ¶ 14. On June 27, 2022, IHO Nasser held a status conference.[2] Id. at ¶ 17. On August 10, 2022, IHO Nasser held a hearing on the merits[3], where Plaintiff "made an opening statement, entered forty-three (43) exhibits into the record, including three affidavits in lieu of direct examination for Plaintiff's witnesses, and conducted a brief direct examination of U.F. on the record." Id. at ¶ 19. The DOE did not offer any exhibits or present any witnesses at the hearing

---

[1] The page numbers referenced herein for citations to the electronic docket ("ECF") are to the electronically generated pagination in those documents.

[2] The DOE states that the status conference lasted three minutes (ECF No. 41 at ¶ 14), but Plaintiff notes that the conference was "primarily off-record." ECF No. 21 at 12. The transcript of the conference states that there was a "brief off-the-record conversation with the parties" before the conference began. ECF No. 19-1 at 14. The billing records reflect that 0.2 hours were billed for the conference. ECF No. 22-1 at line 107.

[3] The DOE maintains that the hearing lasted 54 minutes (ECF No. 41 at ¶ 15), but Plaintiff notes that the hearing began "with a lengthy off-record discussion." ECF No. 21 at 13. The hearing transcript states that there was "a lengthy off-the-record conversation between the parties with respect to the documents that are going to be submitted into evidence." ECF No. 19-2 at 107. The billing records reflect that 1.5 hours were billed for the hearing. ECF No. 22-1 at line 152.

but did give an opening statement and cross-examined two of Plaintiff's three witnesses. Id. at ¶ 20. IHO Nasser "requested closing arguments," which both sides asked to submit in writing. ECF No. 21 at 13. On August 19, 2022, Plaintiff submitted a 17-page closing brief; the DOE did not submit a closing brief. ECF No. 1 at ¶¶ 21-22.

On October 24, 2022, IHO Nasser issued a decision, concluding that the DOE had denied E.M. a FAPE for the 2021-2022 school year. Id. at ¶¶ 23-24. IHO Nasser ordered the DOE to reimburse Plaintiff $2,500 and to pay for E.M.'s remaining tuition and related service directly to the private school for the 2021-2022 school year. Id. at ¶ 24. IHO Nasser also ordered the DOE to fund an independent neuropsychological evaluation and conduct assistive technology, social history, speech-language, and auditory processing evaluations within 30 days of the order, and convene the Committee on Special Education to produce a new Individualized Education Program ("IEP") within 30 days of completion of the evaluations. Id.

On March 28, 2023, Plaintiff submitted a demand for attorney's fees, costs, and expenses to the DOE in the amount of $36,079.32. Id. at ¶ 25; ECF No. 42-1 at 1. On July 26, 2023, the DOE countered with an offer of $20,000. ECF No. 42-1 at 1. Because the parties were unable to resolve the issue of attorney's fees, Plaintiff commenced this action. ECF No. 1 at ¶¶ 1, 27.

## PROCEDURAL HISTORY

On October 5, 2023, Plaintiff commenced this federal action pursuant to the fee-shifting provisions of the IDEA. See ECF No. 1 at ¶ 1. Plaintiff seeks an award of "reasonable attorneys' fees and costs for [the IDEA] proceeding and its post-decision enforcement" plus pre- and post-judgment interest. ECF No. 21 at 10, 34. On February 26, 2024, the Honorable Dale E. Ho referred the fee application to the undersigned. ECF No. 11.

On May 23, 2025, Plaintiff filed the instant motion for attorney's fees and costs, seeking an award of $45,611.76 in attorney's fees and costs. ECF No. 20. Plaintiff submitted a

3

memorandum of law (ECF No. 21), declarations from Andrew K. Cuddy (ECF No. 22), Benjamin M. Kopp (ECF No. 23), U.F. (ECF No. 24), and several declarations from attorneys who handle IDEA cases from other law firms (ECF Nos. 25-40). The DOE filed its opposition papers on June 23, 2025.[4] ECF Nos. 41-45. On June 26, 2025, Plaintiff filed a two-page reply brief, indicating that Plaintiff was resting on its opening brief. ECF No. 47 at 1.

The Cuddy Law Firm seeks an award of $45,611.76 in attorney's fees and costs, allocated as follows: $30,390 for attorney's fees for the Due Process Hearing, $14,586.50[5] in attorney's fees for the instant federal action, and total costs of $635.26. See ECF No. 21 at 34; ECF No. 22 at ¶ 55. The Cuddy Law Firm also seeks pre-judgment and post-judgment interest. See ECF No. 21 at 34. The charts below illustrate Plaintiff's request for fees, showing the hourly rates requested and the hours expended for the administrative proceeding, the instant action, and the relevant costs.

---

[4] The DOE submitted the following opposition documents: Declaration of Lauren Howland (ECF No. 41), Declaration of Marina Moraru (ECF No. 42), Declaration of Emily R. Goldman (ECF No. 43), Declaration of Jeffrey Cassuto (ECF No. 44), and a Memorandum of Law in Opposition (ECF No. 45).

[5] The Cuddy Law Firm states that the total owed for the federal action (including costs) is $14,988.50. ECF No. 21 at 34; ECF No. 22 at ¶ 55. The Court has added up the amounts in the charts provided and calculated the total as $14,785.50.

| DUE PROCESS HEARING | | | |
|---|---|---|---|
| **Attorney** | **Requested Rate[6]** | **Requested Hours** | **Total Requested** |
| Michael Cuddy (Senior Attorney) | $490 | 14.90 | $7,301.00 |
| Andrew Cuddy (Managing Attorney) | $490 | 0.80 | $392.00 |
| Britton Bouchard (Mid-Level Attorney) | $350 | 3.70 | $1,295.00 |
| John Cuddy (Mid-Level Attorney) | $350 | 54.20 | $18,970.00 |
| Cailin O'Donnell (Paralegal) | $180 | 6.00 | $1,080.00 |
| ChinaAnn Reeve (Paralegal) | $180 | 4.40 | $792.00 |
| Shobna Cuddy (Senior Paralegal) | $180 | 2.00 | $360.00 |
| Allyson Green (Paralegal) | $180[7] | 1.60 | $200.00 |
| **Total** | | **87.6** | **$30,390.00** |

| FEDERAL ACTION | | | |
|---|---|---|---|
| **Attorney** | **Adjusted Rate** | **Adjusted Hours** | **Total Requested** |
| Andrew Cuddy (Managing Attorney) | $490 | 3.40 | $1,666.00 |
| Erin Murray (Senior Attorney) | $375[8] | 2.00 | $700.00 |
| Benjamin Kopp (Senior Attorney) | $375 | 26.80 | $10,720.00 |
| Kenneth Bush (Contract Attorney) | $325 | 1.50 | $487.50 |
| ChinaAnn Reeve (Paralegal) | $180 | 1.10 | $198.00 |
| Shobna Cuddy (Senior Paralegal) | $180 | 3.40 | $612.00 |
| **Total** | | **38.2** | **$14,383.50** |

Plaintiff also seeks reimbursement for costs of $635.26, as outlined below. See ECF No.

21 at 34; ECF No. 22 at ¶ 55.

---

[6] The Cuddy Law Firm notes that their hourly rates are higher than those represented, but these rates reflect the rates Plaintiff is seeking in this matter. ECF No. 22 at ¶¶ 41, 45-54.

[7] In Plaintiff's brief, the Cuddy Law Firm asks for conflicting hourly rates for Green of $125 and $180. Compare ECF No. 21 at 27; ECF No. 22 at ¶ 54 with ECF No. 21 at 54; ECF No. 22 at ¶ 55.

[8] In Plaintiff's brief, the Cuddy Law Firm asks for conflicting hourly rates for Murray of $350 and $375. Compare ECF No. 21 at 25; ECF No. 22 at ¶¶ 44, 48 with ECF No. 21 at 34; ECF No. 22 at ¶ 55.

| COSTS | | |
|---|---|---|
| **Due Process** | Print Cost | $205.00 |
| **Hearing** | Postage | $28.26 |
| **Federal Action**[9] | Filing Fee | $402.00 |
| **Total** | | **$635.26** |

## LEGAL STANDARD

"The IDEA grants district courts the discretion to award reasonable attorneys' fees and costs to a 'prevailing party.'" R.G. v. N.Y.C. Dep't of Educ., No. 18-CV-6851 (VEC), 2019 WL 4735050, at *1 (S.D.N.Y. Sept. 26, 2019) (quoting 20 U.S.C. § 1415(i)(3)(B)(i)). A plaintiff "prevails when actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." K.L. v. Warwick Valley Cent. Sch. Dist., 584 F. App'x 17, 18 (2d Cir. 2014) (summary order) (internal quotation marks and citation omitted). Attorney's fees may be awarded for representation in connection with administrative hearings before an IHO, appeals to the state review officer, or appeals to federal court. See G.M. ex rel. R.F. v. New Britain Bd. of Educ., 173 F.3d 77, 84 (2d Cir. 1999); A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ., 407 F.3d 65, 75, 83-84 (2d Cir. 2005).

"Reasonable attorneys' fees under the IDEA are calculated using the lodestar method, whereby an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Streck v. Bd. of Educ., 408 F. App'x 411, 415-16 (2d Cir. 2010) (internal quotation marks, alterations, and citation omitted). In determining whether a hourly rate is reasonable, courts primarily consider the prevailing market

---

[9] Although the billing records include printing costs for the federal action (ECF No. 22-1 at line 283), the Cuddy Law Firm does not appear to be seeking reimbursement for those expenses.

rates in the community for comparable legal services. See 20 U.S.C. § 1415(i)(3)(C) (providing

that attorneys' fees "shall be based on rates prevailing in the community in which the action or

proceeding arose for the kind and quality of services furnished"). The prevailing market rate has

been characterized as "the rate a paying client would be willing to pay . . . bear[ing] in mind that

a reasonable, paying client wishes to spend the minimum necessary to litigate the case

effectively." Ortiz v. City of N.Y., 843 F. App'x 355, 359 (2d Cir. 2021) (summary order)

(quoting Lilly v. City of New York, 934 F.3d 222, 231 (2d Cir. 2019)) (alterations in original).

"The fee applicant bears the burden of establishing entitlement to an award and documenting the

appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

Courts also have discretion to reduce attorney's fees awards under the IDEA if:

> (i) the parents or attorney protracted the resolution, (ii) the amount
> exceeds the hourly rate prevailing in the community where the
> action arose for similar services by a [comparable] attorney, (iii)
> the time spent is excessive for the nature of the action, or (iv)
> parents' attorney did not provide proper notice in the complaint.

T.A. v. N.Y.C. Dep't of Educ., No. 21-CV-7104 (GHW), 2022 WL 3577885, at *3 (S.D.N.Y.

Aug. 19, 2022) (quoting 20 U.S.C. § 1415 (i)(3)(F)). In addition, "[a] district court should reduce

the number of hours included in the fee calculation if the claimed time is 'excessive, redundant,

or otherwise unnecessary.'" Luessenhop v. Clinton Cnty., 324 F. App'x 125, 126-27 (2d Cir.

2009) (summary order) (quoting Hensley, 461 U.S. at 434).

The Second Circuit has observed that "[r]ecycling rates awarded in prior cases without

considering whether they continue to prevail may create disparity between compensation

available under [the applicable statute] and compensation available in the marketplace," which

would "undermine [the statute's] central purpose of attracting competent counsel to public

interest litigation." Farbotko v. Clinton Cnty., 433 F.3d 204, 209 (2d Cir. 2005). Accordingly,

7

while a court may consider rates awarded in prior similar cases and its "own familiarity with the rates prevailing in the district," it should also evaluate the "evidence proffered by the parties." Id.

## DISCUSSION

Plaintiff was the prevailing party in the underlying administrative action, as E.M. was awarded the relief sought in the Due Process Complaint brought on his behalf by his parent.[10] See ECF No. 1 at ¶¶ 13, 24; ECF No. 21 at 14-15. And the DOE does not contend otherwise. Plaintiff is therefore entitled to an award of attorney's fees and costs. See 20 U.S.C. § 1415(i)(3)(B).

### A. Hourly Rates

When determining a reasonable hourly rate for an attorney or paralegal, courts consider both the prevailing market rates for such legal services as well as the case-specific factors articulated in Johnson v. Georgia Highway Express Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). See Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany, 522 F.3d 182, 187-90 (2d Cir. 2008). The Johnson Factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

---

[10] To be considered a prevailing party under the IDEA, a plaintiff must achieve a judicially sanctioned material alteration of the legal relationship of the parties, see O'Shea v. Bd. of Educ. of Poughkeepsie City Sch. Dist., 521 F. Supp. 2d 284, 289 (S.D.N.Y. 2007), which occurred here.

Lilly, 934 F.3d at 228. Because "[t]he determination of fees should not result in a second major litigation," Fox v. Vice, 563 U.S. 826, 838 (2011) (internal quotation marks and citation omitted), courts may consider the Johnson factors holistically, rather than applying each factor individually to the facts of the case. See Green v. City of N.Y., No. 05-CV-429 (SLT) (ETB), 2010 WL 148128, at *10 (E.D.N.Y. Jan. 14, 2010) (citation omitted). The trial court's goal should be "to do rough justice, not to achieve auditing perfection." Fox, 563 U.S. at 838; see also Lochren v. County of Suffolk, 344 F. App'x 706, 709 (2d Cir. 2009) (summary order) ("Arbor Hill did not hold that district courts must recite and make separate findings as to all twelve Johnson factors.").

Although the Cuddy Law Firm states that its standard rates are higher than those they are seeking (ECF No. 22 at ¶¶ 41, 45-54), the rates the Cuddy Law Firm seeks here are still above those previously awarded to their attorneys and paralegals in this District. Because the Cuddy Law Firm has repeatedly litigated motions for attorney's fees in IDEA cases, there exists a "plethora of cases concerning the appropriate rates" for attorneys at that firm in cases such as this one. S.C. v. N.Y.C. Dep't of Educ., No. 23-CV-1266 (LGS) (JLC), 2024 WL 1447331, at *4 (S.D.N.Y. Apr. 2, 2024), adopted by, 2024 WL 3518522 (S.D.N.Y. July 24, 2024). Moreover, and as discussed below, Plaintiff has not pointed to anything specific to this litigation or the underlying administrative proceeding that justifies awarding hourly rates above those previously approved by courts in this District for the Cuddy Law Firm.

Indeed, an analysis of the Johnson factors does not support a departure from the rates this District has previously deemed reasonable for these attorneys and paralegals. The administrative proceeding for U.F. was a "fairly straightforward administrative matter" that did not raise "novel or difficult" issues. Y.S. v. N.Y.C. Dep't of Educ., No. 21-CV-2159 (RA), 2022 WL 4096071, at

9

*3 (S.D.N.Y. Sept. 6, 2022). These types of administrative proceedings, seeking tuition reimbursement and school placement, are at the core of the type of work routinely performed by attorneys at the Cuddy Law Firm. See C.B. v. New York City Dep't of Educ., No. 18-CV-7337 (CM), 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019) (noting that Cuddy Law Firm is a firm "active in IDEA-related matters"). Additionally, this matter was not seriously contested by the DOE. Before the hearing, the DOE agreed that the 12-month program at the private school, including transportation, was E.M.'s proper pendency placement (ECF No. 1 at ¶ 16), and at the "short and basic" hearing, "the DOE did not put on a case" by not presenting any exhibits or witnesses. ECF No. 45 at 16; see also ECF No. 1 at ¶ 20; ECF No. 19-2 at 108. The entire administrative hearing lasted about an hour, Plaintiff presented only three witnesses, and the DOE cross-examined only two of those witnesses. ECF No. 41 at ¶ 15; ECF No. 1 at ¶¶ 19-20. Moreover, the Cuddy Law Firm was very familiar with U.F. and the facts of U.F.'s case, having previously represented U.F. at other administrative hearings dating back to 2014. See ECF No. 21 at 11-12; ECF No. 22 at ¶ 1; see also ECF No. 24 at ¶ 21.

Nothing Plaintiff points to warrants a deviation from the rates routinely awarded in this District to attorneys at the Cuddy Law Firm. Plaintiff argues that "award[ing] hourly rates must be sufficient to attract knowledgeable lawyers to represent protected families," and that other IDEA practitioners have had to restrict their capacities for contingency cases for financial reasons. ECF No. 21 at 16. Plaintiff presents affidavits from other IDEA practitioners in support (see ECF Nos. 25-40), but courts have previously discounted similar affidavits. See e.g., L.C. v. New York City Dep't of Educ., No. 21-CV-1250 (VSB), 2025 WL 19850, at *4-5 (S.D.N.Y. Jan. 2, 2025) (discussing cases); C.B., 2019 WL 3162177, at *5 (noting that "[p]ast district courts [ ] have decided not to rely too heavily [on] affidavits, since they may only provide isolated

10

examples of billing rates of a few lawyers, may leave out context that rationalizes the rates billed, and may even list rates that are not in practice ever paid by reasonable, paying clients") (internal quotation marks and citation omitted).

In assessing the reasonableness of the hourly rates requested here, the Court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the *least amount necessary to litigate the case effectively.*" O.R. v. N.Y.C. Dep't of Educ., 340 F. Supp. 3d 357, 364 (S.D.N.Y. 2018) (quoting Arbor Hill, 522 F. 3d at 184) (emphasis and alterations in original). "[W]hether the attorneys on this case properly command the rates they seek in the marketplace is not dispositive of the rate they are to be awarded." Id. Given these considerations, recent rates awarded in this District to the attorneys and other professionals from the Cuddy Law Firm in similarly straightforward IDEA cases, where the only dispute concerned an award of fees, are the appropriate hourly rates for each individual in this case.

1. *Andrew Cuddy*

Andrew Cuddy, a senior attorney, requests a rate of $490 for his work, of which he billed 0.80 hours in the administrative action and 3.40 hours in the federal action. See ECF No. 21 at 34; ECF No. 22 at ¶¶ 41, 55. Andrew Cuddy was admitted to practice in New York in 1996 and has focused on litigating special education due process hearings since 2001. See ECF No. 21 at 23; ECF No. 22 at ¶¶ 37, 39. He also serves as the managing attorney of the Cuddy Law Firm. ECF No. 21 at 23.

The requested rate for Andrew Cuddy is above the rate he typically receives in this District. Courts in this District have recently approved hourly rates for senior attorneys at the Cuddy Law Firm, including Andrew Cuddy, ranging from $360 to $425 per hour. See T.P. v. New York City Dep't of Educ., No. 22-CV-9413 (PAE), 2024 WL 986587, at *7 (S.D.N.Y. Mar.

11

7, 2024) (awarding A. Cuddy hourly rate of $400); G.R. v. New York City Dep't of Educ., No. 23-CV-3948 (DEH), 2024 WL 3534406, at *5 (S.D.N.Y. July 25, 2024) (same); Z.H. v. New York City Dep't of Educ., No. 23-CV-3081 (ER), 2024 WL 3385690, at *6 (S.D.N.Y. July 12, 2024) (same); J.G. v. New York City Dep't of Educ., 719 F. Supp. 3d 293, 309 (S.D.N.Y. 2024) (same); S.S. v. New York City Dep't of Educ., No. 23-CV-8913 (MMG) (JW), 2025 WL 1042286, at *4 (S.D.N.Y. Jan. 30, 2025), adopted sub nom. by, S.S.(1) v. New York City Dep't of Educ., 2025 WL 720512 (S.D.N.Y. Mar. 6, 2025) (recommending $410 hourly rate for A. Cuddy); M.H. v. New York City Dep't of Educ., No. 23-CV-06714 (DEH) (SDA), 2024 WL 5715891, at *6 (S.D.N.Y. July 18, 2024), adopted as modified by, 2025 WL 2959348 (S.D.N.Y. Oct. 20, 2025) (recommending A. Cuddy $400 per hour); R.R. v. New York City Dep't of Educ., No. 23-CV-4494 (VEC) (RFT), 2024 WL 6046877, at *6 (S.D.N.Y. June 3, 2024), adopted by, 2025 WL 3516102 (S.D.N.Y. Dec. 8, 2025) (recommending A. Cuddy $400 per hour for work on administrative proceeding); S.C., 2024 WL 1447331, at *5 (recommending $425 per hour to A. Cuddy); K.K. v. New York City Dep't of Educ., No. 23-CV-4430 (JMF) (VF), 2024 WL 4203783, at *7 (S.D.N.Y. Aug. 22, 2024), adopted by, 2024 WL 4203251 (S.D.N.Y. Sept. 16, 2024) (recommending $425 for A. Cuddy).

This case involved a straightforward administrative hearing for a client that the Cuddy Law Firm had previously represented. The federal action involves only a dispute over attorneys' fees. Nothing about the facts of this case or the administrative hearing warrant a deviation from the hourly rates previously awarded to Andrew Cuddy in this District. I thus recommend that Andrew Cuddy be awarded a hourly rate of $415.

2. *Michael Cuddy*

Michael Cuddy, a senior attorney, requests a hourly rate of $490 for his 14.90 hours of work on the administrative action. See ECF No. 21 at 23, 34; ECF No. 22 at ¶¶ 45, 55. Michael Cuddy was admitted to practice in New York in 1989 and has "litigated hundreds of IDEA cases in New York." ECF No. 22 at ¶ 45; see also ECF No. 21 at 23. The rate he requests is above the rate he has been awarded in recent cases. And, for the reasons already discussed, the facts of this particular case do not warrant a departure from the rates previously awarded to Michael Cuddy. I thus recommend that Michael Cuddy be awarded a hourly rate of $410, which is consistent with the hourly rate he has been awarded recently in other similar actions. See R.R., 2024 WL 6046877, at *7 (recommending rate of $400 per hour for M. Cuddy); Z.H., 2024 WL 3385690, at *6 (awarding M. Cuddy rate of $400 per hour); J.G., 719 F. Supp. 3d at 309 (same); S.S., 2025 WL 1042286, at *4 (recommending M. Cuddy $410 per hour); N.G. v. New York City Dep't of Educ., No. 21-CV-8488 (PGG) (JLC), 2024 WL 133615, at *4 (S.D.N.Y. Jan. 12, 2024), adopted as modified by, 2025 WL 2790583 (S.D.N.Y. Sept. 30, 2025) (recommending M. Cuddy $400 per hour); K.K., 2024 WL 4203783, at *7 (same); M.H., 2024 WL 5715891, at *6 (same).

3. *Benjamin Kopp and Erin Murray*

For their work on the federal action, Benjamin Kopp requests a rate of $375 and Erin Murray requests a rate of either $350 or $375.[11] See ECF No. 21 at 25-26; ECF No. 22 at ¶¶ 48-49. Kopp billed 26.80 hours in the federal action and Murray billed two hours in the federal action. ECF No. 21 at 25; ECF No. 22 at ¶ 55. Kopp graduated law school in 2015, was admitted to practice law in New York in 2016, joined the Cuddy Law Firm in 2018, and has "represented

---

[11] As discussed, Plaintiff's brief contains conflicting requested hourly rates for Murray. Compare ECF No. 21 at 25; ECF No. 22 at ¶¶ 44, 48 (requesting $350) with ECF No. 21 at 34; ECF No. 22 at ¶ 55 (requesting $375).

families in over fifty IDEA hearings and about eighty federal fee actions." See ECF No. 21 at 25-26; ECF No. 22 at ¶ 49. Murray graduated law school in 2019, was admitted to practice in New York in 2020, and joined the Cuddy Law Firm the same year. ECF No. 21 at 25; ECF No. 22 at ¶ 48.

Given their respective experiences, the straightforward nature of this federal action, and recent awards in this District, I recommend that both attorneys receive a hourly rate consistent with recent awards. I recommend that Kopp be awarded a hourly rate of $300, and Murray a hourly rate of $250. M.H., 2024 WL 5715891, at *7 (recommending hourly rate of $300 for Kopp); J.G., 719 F. Supp. 3d at 309-10 (awarding rate of $300 per hour for Kopp and $250 per hour for Murray); M.B. v. New York City Dep't of Educ., No. 22-CV-06405 (JPC) (SN), 2024 WL 1435330, at *5 (S.D.N.Y. Jan. 24, 2024), adopted by, 2024 WL 1343596 (S.D.N.Y. Mar. 30, 2024) (recommending rate of $250 per hour for Kopp where Kopp "was not involved in the underlying administrative proceedings, but he did the bulk of the work on the fee application"); S.S., 2025 WL 1042286, at *4 (recommending rate of $200 per hour for B. Kopp); N.G., 2024 WL 133615, at *4 (recommending rate of $200 per hour for both Kopp and Murray); S.C, 2024 WL 1447331, at *5 (recommending rate of $225 for B. Kopp and $200 for E. Murray); S.B. v. New York City Dep't of Educ., No. 23-CV-3961 (PAE), 2024 WL 1406559, at *7 (S.D.N.Y. Apr. 2, 2024) (awarding rate of $240 per hour for Murray because of Murray's lead role in the administrative action); T.P., 2024 WL 986587, at *8 (awarding Murray rate of $215); K.K., 2024 WL 4203783, at *8 (recommending $200 hourly rate for Murray).

14

4. *Britton Bouchard and John Cuddy*

Britton Bouchard and John Cuddy, associates at the Cuddy Law Firm, each seek a hourly rate of $350 for their work as lead attorneys in the administrative hearing. See ECF No. 21 at 24-25; ECF No. 22 at ¶¶ 46-47. Bouchard billed 3.70 hours and John Cuddy billed 54.20 hours to the administrative action. ECF No. 21 at 34; ECF No. 22 at ¶ 55. Bouchard graduated law school in 2019 and was admitted to practice law in New York in 2020. See ECF No. 21 at 24; ECF No. 22 at ¶ 46. John Cuddy graduated law school in 2020 and was admitted to practice in New York in 2021. See ECF No. 21 at 24; ECF No. 22 at ¶ 47.

For all the reasons discussed with regards to the other attorneys, their requested hourly rates should be reduced. I recommend that Bouchard be awarded a hourly rate of $250 and that John Cuddy be awarded a hourly rate of $225, and both of these rates are consistent with recent awards in this District in similar IDEA cases. See Z.H., 2024 WL 3385690, at *6 (awarding J. Cuddy and Bouchard a rate of $225 per hour as "junior associates who were lead attorneys on the administrative hearing"); H.W. v. New York City Dep't of Educ., No. 21-CV-08604 (JLR), 2023 WL 5529932, at *9 (S.D.N.Y. Mar. 23, 2023) (awarding Bouchard $225 per hour); R.R., 2024 WL 6046877, at *7 (recommending hourly rate of $200 J. Cuddy and Bouchard); K.K., 2024 WL 4203783, at *8 (recommending hourly rate of $200 for J. Cuddy); M.H, 2024 WL 5715891, at *8 (same).

5. *Kenneth Bush*

Kenneth Bush, an associate at the Cuddy Law Firm, seeks a hourly rate of $325 for his work in this federal action. See ECF No. 21 at 26; ECF No. 22 at ¶ 50. Bush graduated law school in 2015 and was admitted to practice in New York in 2016. See ECF No. 21 at 26; ECF No. 22 at ¶ 50. He was "contracted" by the Cuddy Law Firm to "complete some fee complaints." See ECF No. 21 at 26; ECF No. 22 at ¶ 50. Bush's contribution was 1.5 hours spent drafting the

15

federal complaint, of which more than half of that time was spent reading the relevant documents. See ECF No. 22-1 at line 219. The requested hourly rate should be reduced to $225, given the nature of the work performed by Bush, which was not complex. That rate is also consistent with the rate he has recently received in other cases. See S.B., 2024 WL 1406559, at *7 (awarding hourly rate of $225 to Bush); R.R., 2024 WL 6046877, at *7 (recommending rate of $200 for Bush where he worked on the attorney's fee application only); S.C., 2024 WL 1447331, at *5 (recommending rate of $250 per hour for Bush).

    6. *Paralegals*

The paralegals, Cailin O'Donnell, ChinaAnn Reeve, Shobna Cuddy, all request a rate of $180, and Allyson Green, requests a rate of either $125 or $180.[12] See ECF No. 21 at 26-27; ECF No. 22 at ¶¶ 51-54. Cailin O'Donnell has a bachelor's degree and joined the Cuddy Law Firm in 2019. See ECF No. 21 at 26; ECF No. 22 at ¶ 51. ChinaAnn Reeve has a bachelor's degree and joined the Cuddy Law Firm in 2021. See ECF No. 21 at 27; ECF No. 22 at ¶ 52. Shobna Cuddy is a senior paralegal and firm-wide office administrator who has worked at the Cuddy Law Firm since 2007. See ECF No. 21 at 27; ECF No. 22 at ¶ 53. Allyson Green has an associate's degree and joined the Cuddy Law Firm in 2020. See ECF No. 21 at 27; ECF No. 22 at ¶ 54. As was true with the hourly rates requested for the attorneys on this matter, Plaintiff has not demonstrated why these paralegals merit rates above those prevailing in this District. Cf. S.B., 2024 WL 1406559, at *8 (noting that an IDEA case does not "present[] the difficulties paralegals might face in complex commercial cases that go to trial," which have justified awards of hourly rates above the customary $100 to $125 range).

---

[12] As discussed, Plaintiff's brief contains conflicting requested hourly rates for Green. Compare ECF No. 21 at 27; ECF No. 22 at ¶ 54 (requesting $125) with ECF No. 21 at 54; ECF No. 22 at ¶ 55 (requesting $180).

For Shobna Cuddy, O'Donnell, and Reeve, who have more experience, I recommend a rate of $125, which aligns with the hourly rate each has recently been awarded in this District. See S.C., 2024 WL 1447331, at *5 (assigning Shobna Cuddy a rate of $125 for her paralegal services and remaining paralegals $100); S.H. v. New York City Dep't of Educ., No. 21-CV-4967 (LJL), 2022 WL 254070, at *6 (S.D.N.Y. Jan. 26, 2022), aff'd sub nom. by, H.C. v. New York City Dep't of Educ., 71 F.4th 120 (2d Cir. 2023) (awarding $125 hourly rate for experienced paralegal and $100 for other paralegals); G.R., 2024 WL 3534406, at *6 (awarding $125 hourly rate for S. Cuddy, O'Donnell, and Reeve); K.K., 2024 WL 4203783, at *9 (recommending $125 hourly rate for S. Cuddy, O'Donnell, and Reeve); R.R., 2024 WL 6046877, at *8 (recommending S. Cuddy hourly rate of $125 and other paralegals $110 per hour); V.W. v. N.Y.C. Dep't of Educ., No. 21-CV-6495 (PGG) (KHP), 2023 WL 2609358, at *12 (S.D.N.Y. Mar. 23, 2023) (assigning paralegals from the Cuddy Law Firm hourly rate of $125).

Because Green only had between one and two years of experience when completing her work on this case, I recommend that she be awarded a hourly rate of $110. H.W., 2023 WL 5529932, at *9 (awarding Green hourly rate of $100); L.J. v. New York City Dep't of Educ., No. 20-CV-10672 (KPF), 2023 WL 5747465, at *9 (S.D.N.Y. Sept. 6, 2023) (same); Z.H., 2024 WL 3385690, at *6 (same); F.N. v. New York City Dep't of Educ., No. 21-CV-11177 (MKV), 2024 WL 1348637, at *9 (S.D.N.Y. Mar. 29, 2024) (same); T.P., 2024 WL 986587, at *8 (awarding Green hourly rate of $110).

In sum, I recommend an award of the following hourly rates, which are consistent with the prevailing rates in this District and are also warranted by a review of the Johnson factors: $415 per hour for Andrew Cuddy; $410 per hour for Michael Cuddy; $300 per hour for

17

Benjamin Kopp; $250 per hour for Erin Murray and Britton Bouchard; $225 per hour for Kenneth Bush and John Cuddy; $125 per hour for Shobna Cuddy, Cailin O'Donnell, and ChinaAnn Reeve; and $110 per hour for Allyson Green.

B. Hours Expended

A fee award should compensate only for those hours that were "reasonably expended" by the attorneys and paralegals on the case. See, e.g., McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir. 2006). "In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999) (citation omitted). Whether a case was "particularly complicated" or involved any "significant" legal issues may be considered in determining the reasonable number of hours a case requires. See, e.g., Millea v. Metro-North R. Co., 658 F.3d 154, 167 (2d Cir. 2011). "District courts have 'ample discretion' in assessing the 'amount of work that was necessary to achieve the results in a particular case.'" K.L. v. Warwick Valley Cent. Sch. Dist., No. 12-CV-6313 (DLC), 2013 WL 4766339, at *10 (S.D.N.Y. Sept. 5, 2013) (quoting Ortiz v. Regan, 980 F.2d 138, 141 (2d Cir. 1992)).

"Ultimately, 'trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.'" C.B., 2019 WL 3162177, at *5 (quoting Fox, 563 U.S. at 838). To calibrate an appropriate award, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award" by a reasonable percentage. Hensley, 461 U.S. at 436-37; see also McDonald, 450 F.3d at 96 ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.") (internal

18

quotation marks and citation omitted); M.D. v. New York City Dep't of Educ., No. 21-CV-9180 (LGS), 2023 WL 2557408, at *3, 6 (S.D.N.Y. Mar. 17, 2023), aff'd sub nom. by, Y.G. v. New York City Dep't of Educ., No. 22-1184-CV, 2025 WL 2080218 (2d Cir. July 24, 2025) (same).

As already noted, the billing records reflect certain discrepancies. First, the total amount with costs sought by the Cuddy Law Firm for the federal action ($14,988.50) is not the same amount if one were to add up the hours of each attorney in the chart provided by Plaintiff. The individual entries on Plaintiff's chart add up to only $14,785.50. ECF No. 21 at 34; ECF No. 22 at ¶ 55. Second, Plaintiff requests conflicting hourly rates for Murray and Green. Compare ECF No. 21 at 27, 25; ECF No. 22 at ¶¶ 44, 48, 54 (requesting rate of $350 for Murray and $125 for Green) with ECF No. 21 at 54; ECF No. 22 at ¶ 55 (charts reflecting rate of $375 for Murray and $180 for Green). Third, for a number of entries in the billing records, the individual time entries do not add up to the total hours billed for a day. See, e.g., ECF No. 22-1 at lines 24, 66, 68, 71, 106, 148, 152, 156, 164, 176, 190, 270, 273. For example, at line 24, the subcomponents of the hours billed by Michael Cuddy amount to 2.7 hours. Id. at line 24. And although the entry notes a discretionary reduction of 0.2, that reduction makes the total billed for the day 2.6, instead of the 2.5 listed in the entry. As another example, at line 71, the total of the subcomponents billed should be 0.4, but the total billed for the day is 0.3. Id. at line 71. Courts have noted the difficulties presented with incorrect billing statements in other cases. See Desly Int'l Corp. v. Spartak, No. 13-CV-2303 (ENV) (LB), 2018 WL 4522081, at *11 (E.D.N.Y. Aug. 1, 2018), adopted as modified sub nom. by, Desly Int'l Corp. v. Otkrytoe Aktsionernoe Obshchestvo "Spartak", 2018 WL 7054830 (E.D.N.Y. Dec. 7, 2018), aff'd by, 791 F. App'x 284 (2d Cir. 2020) (recommending 20% reduction in fees in attorney's fee application in part because "the Court must review the billing records for accuracy, it should not have to expend its time

19

correcting counsel's mathematical errors"); cf. Medina v. Donaldson, No. 10-CV-5922 (VMS), 2015 WL 77430, at *5 (E.D.N.Y. Jan. 6, 2015) (noting that due to "numerous errors in the records, the Court has made its own calculation, a time-consuming process that would not have been necessary had counsel's records been more carefully kept, prepared and reviewed" in action for attorney's fees under 42 U.S.C. § 1988(b)); see also H.W., 2023 WL 5529932, at *9 ("[A] court does not need to engage in a painstaking line-item review of each billing entry when determining if a particular reduction in compensable hours is warranted[.]") (internal quotation marks and citation omitted). Although I do not recommend an across-the-board reduction for these discrepancies, I have considered these errors in the ultimate recommendation as to the appropriate hourly rates and hours billed for the Cuddy Law Firm.

### 1. Administrative Action

Plaintiff seeks $30,623.26 in attorney's fees for 87.6 hours of attorney and paralegal time spent on the administrative proceeding. See ECF No. 21 at 34; ECF No. 22 at ¶ 55. The DOE argues that the hours billed for the administrative proceeding should be reduced by 30-60% because the Cuddy Law Firm billed excessively for administrative tasks and for drafting the Due Process Complaint. See ECF No. 45 at 26-28. The billing records confirm that the Cuddy Law Firm overbilled for certain tasks.

At the outset, the Cuddy Law Firm has represented U.F. since 2014 and thus should have achieved greater efficiencies in representing U.F. in subsequent administrative proceedings. See ECF No. 21 at 12 (establishing that the representation started in December 2014); see also ECF No. 24 at ¶ 21. Additionally, and as already discussed, the administrative hearing took less than an hour and the DOE did not present any exhibits or witnesses. ECF No. 1 at ¶ 20; ECF No. 41 at ¶ 15. Months prior to the hearing, the DOE stated that it did not contest that the private school E.M. was attending was an appropriate placement for E.M. ECF No. 1 at ¶ 16.

20

Against this backdrop, the Cuddy Law Firm billed for nearly 90 hours of work in the administrative proceeding. The firm billed 18 hours in total (ECF No. 22-1 at lines 9, 10, 13, 14, 17, 18, 20-22, 24, 26-30, 32, 34, 36, 39-41) for the preparation, receipt of documents, review of documents, drafting, and filing of the due process complaint on December 6, 2021 (ECF No. 1 at ¶ 10), of which 6.4 hours were billed by Michael Cuddy to draft the eight-page complaint (ECF No. 22-1 at lines 29-30). And notably, Plaintiff went through the same administrative proceeding to obtain reimbursement for E.M.'s attendance at Gersh Academy for each school year from 2016 to 2021. ECF No. 19-1 at 2-3. As Plaintiff acknowledges, Michael Cuddy had "substantial knowledge of the family's prior cases" (ECF No. 21 at 29) and thus could have relied on those prior complaints in drafting the instant complaint, leading to time savings in drafting the most recent complaint. Instead, the Cuddy Law Firm spent 18 hours preparing, reviewing, and drafting the eight-page complaint, for a client it had represented for seven years and had, during the past five years, repeatedly sought the same relief. The time billed for this task was thus excessive in light of the circumstances of this long-standing representation. See, e.g., H.W., 2023 WL 5529932, at *10 (reducing hours by 15% where the Cuddy Law Firm "billed 11.4 hours to draft a straightforward nine-page Due Process Complaint"); B.C. v. New York City Dep't of Educ., No. 21-CV-2840 (ER), 2022 WL 3214374, at *8-9 (S.D.N.Y. Aug. 9, 2022), adhered to on reconsideration, 2023 WL 2301424 (S.D.N.Y. Mar. 1, 2023) (reducing hours in federal action by 25% in part due to the Cuddy Law Firm's "bill[ing] 10.8 hours to draft the due process complaint, although it was only seven pages long"); M.Z. v. New York City Dep't of Educ., No. 21-CV-9451 (AT), 2023 WL 2499964, at *6 (S.D.N.Y. Mar. 14, 2023), aff'd sub nom. by, Y.G., 2025 WL 2080218 (reducing hours by 20% where "the DOE notes that [the Cuddy Law Firm] billed 12.6 hours to prepare the 6-page due process complaint, which is a relatively simple

21

document that [the Cuddy Law Firm] has extensive experience drafting"); see also M.H., 2024 WL 5715891, at *9 ("[The Cuddy Law Firm] had a history of representing the parent over a period of years, and should have achieved greater efficiencies in such representation in the later years."); K.K., 2024 WL 4203783, at *10 (similar).

Further, the DOE notes that the Cuddy Law Firm has several 0.1-hour billing entries for tasks that should have taken no more than a few moments to perform. ECF No. 45 at 28. If the billing records reflect many 0.1-hour entries by the same attorney in a single day, that type of billing "practice can improperly inflate the number of hours billed beyond what is appropriate." See C.D. v. Minisink Valley Cent. Sch. Dist., No. 17-CV-7632 (PAE), 2018 WL 3769972, at *8 (S.D.N.Y. Aug. 9, 2018). Here, there are a number of 0.1-hour entries for work that likely should not have taken six minutes, specifically by John Cuddy. For example, on August 8, 2022, John Cuddy billed a total of 1.2 hours, of which he billed 0.1-hour to a "[c]all to [Shobna Cuddy] re: status of the attorney rate sheet for settlement purposes," 0.1-hour to prepare an e-mail to Maureen Miller of Gersh Academy regarding the hearing, and 0.1-hour to receive an e-mail back from Maureen Miller regarding her testimony at the hearing. ECF No. 22-1 at line 146. On August 9, 2022, John Cuddy billed a total of 1.5 hours, including 0.1-hour to "[c]all with [Andrew Cuddy] re: case entry," 0.1-hour to receive an e-mail "from [Andrew Cuddy] re: attorney rate sheet is ready," 0.1-hour to call Shobna Cuddy "to discuss the completion of the rate sheet," 0.1-hour to e-mail Gersh Academy "to obtain the current status of pendency payments," and 0.1-hour to schedule a time for a doctor to appear at the hearing. Id. at line 148.

Additionally, John Cuddy billed 0.2-hours to tasks that should not have taken even 0.1-hour to perform. For example, on June 30, 2022, John Cuddy billed a total of 0.7 hours, of which 0.2-hour was billed to "[r]equest Gersh Academy for updated attendance records . . . and

22

documents for the purpose of settlement," 0.2-hour was billed to "[p]repare email to Dr. Dietrich informing her of scheduled hearing date, and need for affidavit and availability for cross examination," and finally 0.1-hour was billed to "[e]mail to client regarding scheduled hearing in August 10, 2022, need for affidavit, and inquiry whether DOE conducted an IEP in June 2022." Id. at line 114.

This type of billing practice warrants a reduction in the hours billed. See H.W., 2023 WL 5529932, at *10 (reducing hours charged for administrative proceeding by 15% in part because of the Cuddy Law Firm billed in 0.1 increments for "relatively straightforward tasks such as emailing the client with a simple update"); T.P., 2024 WL 986587, at *10 (reducing hours by 25% in administrative action where the Cuddy Law firm "often billed 0.10 hours for mundane tasks such as sending or reviewing a single email and instructing a paralegal to contact the client or a witness") (internal citations omitted); Hernandez v. Boucherie LLC, No. 18-CV-07887 (VEC), 2019 WL 3765750, at *6 (S.D.N.Y. Aug. 8, 2019) (noting that billing 0.1 hours can contribute to excessive totals in circumstances "where the tasks individually appear likely to have occupied less than 0.10 hours") (internal citation and alteration omitted).

John Cuddy also billed 15 hours to researching, reviewing documents, preparing affidavits, and contacting client in preparation for the administrative hearing on August 10, 2022. See ECF No. 22-1 at lines 121, 131-133, 146, 148, 152. This is an excessive amount of time spent preparing for the hearing for at least two reasons. First, eight months prior to the hearing, the DOE informed Plaintiff that it agreed that Gersh Academy was E.M.'s proper pendency placement, limiting the scope of the hearing. ECF No. 1 at ¶ 16. And the ultimate hearing, which lasted about an hour, was largely uncontested: the DOE did not offer any exhibits or present any witnesses. ECF No. 1 at ¶ 20; ECF No. 41 at ¶ 15. Second, the Cuddy Law Firm had previously

represented U.F. in other administrative hearings for E.M.'s school placement. The firm was thus very familiar with the facts of U.F.'s case, such that it should not have taken 15 hours to prepare for such a hearing. See, e.g., B.C., 2022 WL 3214374, at *8-9 (reducing hours in administrative action by 25% where attorney billed 6.7 hours to prepare for a 40 minute hearing "in which the DOE was not represented by an attorney"); F.N. v. New York City Dep't of Educ., No. 21-CV-3379 (JPO), 2022 WL 3544128, at *5-6 (S.D.N.Y. Aug. 18, 2022), aff'd sub nom. by, Y.G., 2025 WL 2080218 (reducing hours in administrative action by 20% in part where "DOE also argues that [attorney] spent excessive time preparing for the 41-minute hearing, which was essentially uncontested"); Z.H., 2024 WL 3385690, at *7-8 (reducing hours in administrative action by 25% where attorneys "spent well more than twelve hours preparing for the hearing, which was uncontested in significant part" and noting that "[a]lthough the Firm could not have necessarily foreseen that the DOE would not defend its case, the Firm's billing records and memoranda in support of its fees do not explain why it was necessary to devote so much time to preparation which consisted largely of reviewing Individualized Education Programs, report cards, and evaluations").

The Cuddy Law Firm also billed for the administrative task of reviewing and editing its own billing statements. Specifically, Andrew Cuddy, the managing attorney at the firm, billed 0.6 hours and a paralegal billed 2 hours for time spent reviewing the billing statements. ECF No. 22-1 at lines 211-213. As other courts have found, the "DOE should not have to compensate [Cuddy Law Firm] for administrative clean-up of their own [billing] entries." R.G., 2019 WL 4735050, at *4; see also H.W., 2023 WL 5529932, at *10 (reducing hours charged for administrative proceeding by 15% in part where Andrew Cuddy billed 1.2 hours and a paralegal billed 2.4 hours to edit billing statements); M.B., 2024 WL 1435330, at *7-8 (reducing hours by

24

15% where the Cuddy Law Firm "billed 4.1 hours of attorney and paralegal time . . . to produce and review billing statements"); L.J., 2023 WL 5747465, at *11 (reducing hours by 20% in part because the Cuddy Law Firm billed 2.3 hours for reviewing its own contemporaneous billing statements).

Because the billing records do contain numerous instances of excessive billing, I recommend a 20% reduction in the total requested hours. See Y.S., 2022 WL 4096071, at *2, 5 (reducing plaintiffs' requested hours by 20% where they spent 86.8 hours on an administrative proceeding); T.H. v. N.Y.C. Dep't of Educ., No. 20-CV-1922 (LGS) (SDA), 2022 WL 16945703, at *5-7 (S.D.N.Y. Nov. 15, 2022), adopted by, 2022 WL 17881623 (Dec. 29, 2022) (reducing plaintiffs' requested hours by 20% where they sought $31,080 in fees for 73.9 hours of attorney and paralegal time on an administrative proceeding). I therefore recommend an award of fees for the administrative proceeding consistent with the chart below:

| DUE PROCESS HEARING | | | | | |
|---|---|---|---|---|---|
| Attorney | Requested Rate | Requested Hours | Recommended Hourly Rate | Recommended Hours (20% reduction) | Recommended Total |
| Michael Cuddy | $490 | 14.9 | $410 | 11.92 | $4,887.20 |
| Andrew Cuddy | $490 | 0.8 | $415 | 0.64 | $265.60 |
| Britton Bouchard | $350 | 3.7 | $250 | 2.96 | $740 |
| John Cuddy | $350 | 54.2 | $225 | 43.36 | $9,756 |
| Cailin O'Donnell | $180 | 6 | $125 | 4.8 | $600 |
| ChinaAnn Reeve | $180 | 4.4 | $125 | 3.52 | $440 |
| Shobna Cuddy | $180 | 2 | $125 | 1.6 | $200 |
| Allyson Green | $180 | 1.6 | $110 | 1.28 | $140.80 |
| **Total** | | **87.6** | | **70.08** | **$17,029.60** |

2. *Federal Action*

Plaintiff also seeks an award of attorney's fees for counsel's work in this federal action. Specifically, Plaintiff seeks an award of $14,586.50 in attorney's fees (subtracting costs) for 38.2 hours billed for the litigation in this Court. ECF No. 21 at 34; ECF No. 22 ¶ 55.[13]

As an initial matter, the DOE argues that the statutory fee cap applies, and that the Cuddy Law Firm should not be entitled to recover for any fees in the federal action. ECF No. 45 at 14-15. "The IDEA prohibits all awards for services rendered *after* a written offer of settlement is made to a parent if: (1) 'the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins'; (2) 'the offer is not accepted within 10 days'; and (3) 'the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.'" J.G., 719 F. Supp. 3d at 315 (quoting 20 U.S.C. § 1415(i)(3)(D)(i)) (emphasis in original). Under Federal Rule of Civil Procedure 68, an offer of judgment must be made "[a]t least 14 days before the date set for trial." Fed. R. Civ. P. 68(a).

Here, the DOE made its $20,000 settlement offer on July 26, 2023, nearly a year after the August 10, 2022 administrative hearing and before the commencement of the instant suit on October 5, 2023.[14] See ECF No. 42-1 at 1. As such, the settlement offer was not timely made,

---

[13] As noted, the Cuddy Law Firm states that the total amount billed for the federal action (including costs) is $14,988.50. ECF No. 21 at 34; ECF No. 22 ¶ 55. However, adding the time entries provided yields a total of only $14,785.50.

[14] Plaintiff introduces some confusion regarding the timing of the DOE's settlement offer, noting that the firm had incorrectly told the DOE that this action had commenced when it had not (ECF No. 21 at 32 n.14), and suggesting that the DOE made an offer after the federal action commenced (id. at 33). The DOE, however, does not contest that its settlement offer was made on July 26, 2023, before commencement of this action. See ECF No. 45 at 9.

because it was not made more than 10 days before the administrative proceeding, and it also was not made at least 14 days before the trial date because no federal action had even commenced when the offer was made. See Lee v. McCue, No. 04-CIV-6077 (CM), 2007 WL 2230100, at *7 (S.D.N.Y. July 25, 2007) (concluding that settlement offer made in Section 1983 case "several months before the filing of the initial complaint in [the federal action] plainly d[id] not fall within the ambit of Fed. R. Civ. P. 68"); M.C. v. New York City Dep't of Educ., No. 24-CV-1772 (RA), 2025 WL 2784189, at *6 (S.D.N.Y. Sept. 30, 2025) ("[T]he IDEA's fee cap applies equally to settlement offers tendered both before a plaintiff's administrative hearing and *after a complaint has been filed in district court*[.]") (emphasis added). Because the settlement offer was not timely made under Rule 68, the fee cap cannot apply.

Turning to the fee amount requested by Plaintiff, the billing records reflect that the 38.2 hours of work expended on the instant action was unreasonable. More than half of those hours, approximately 18 hours, were spent on preparing the instant motion for fees. ECF No. 22-1 at lines 270, 272-74. But the Cuddy Law Firm has already litigated the attorney's fee issue for U.F. in federal court in at least one prior case, and the motion prepared in that case raised issues similar those presented here. Compare U.F. et al v. New York City Dep't of Educ., No. 22-CV-7052 (LGS) (JLC) (S.D.N.Y. Jan. 9, 2023) at ECF No. 23 (memorandum of law in support of attorney's fees) with ECF No. 21 (memorandum of law in support of attorney's fees). Given that counsel could have relied heavily on its previously filed memorandum, it should not have taken 18 hours to draft and file the brief here.

But even if counsel had not previously represented U.F. on a motion for attorney's fees in this Court, the motion papers are straightforward and do not present a novel or difficult issue of law. The opening brief was only 24 pages, more than half of which were used to recite the

27

background of the action, the experience of the relevant attorneys and paralegals, and the billing records. See ECF No. 21. "There is extensive case law that provides a clear outline of how to proceed with such motions, and [the Cuddy Law Firm has] ample material and previous examples to draw upon (or even recycle) given that it regularly pursues these types of litigations." H.W., 2023 WL 5529932, at *11 (reducing hours in federal action by 25% where "[the Cuddy Law Firm] billed ten hours on the brief in support of Plaintiffs' fees petition," but "nothing in the instant attorneys' fee motion here presents novel or difficult issues of law"); V.W. v. New York City Dep't of Educ., No. 21-CV-6495 (PGG) (KHP), 2022 WL 19410318, at *8 (S.D.N.Y. Sept. 29, 2022), adopted by, 2023 WL 2609358 (S.D.N.Y. Mar. 23, 2023), aff'd sub nom. by, Y.G., 2025 WL 2080218 (reducing fees in federal action by 30% where firm billed ten hours to motion for fees but the motion was "substantially similar to those raised in [the Cuddy Law Firm's] other cases and should have taken less time").

Separate from the time spent preparing the initial memorandum, the Cuddy Law Firm also billed an excessive amount of time (7.8 hours) to preparing the declarations submitted in support of the motion for fees. See ECF No. 22-1 at 278-79. Much of the information provided in these declarations is the same information included in the memorandum of law or complaint. It is information that the Cuddy Law Firm recycled from other filings in this case. On top of that, Kopp billed 2.2 hours to draft Andrew Cuddy's declaration, which Andrew Cuddy then spent some portion of 1.9 hours to review.[15] Id. That is excessive. N.A. v. New York City Dep't of Educ., No. 21-CV-2643 (PGG) (SLC), 2022 WL 17840273, at *9 (S.D.N.Y. Aug. 15, 2022),

---

[15] Andrew Cuddy block billed for his time in this entry, billing time for the following unrelated tasks: "Review my declaration draft; BK declaration draft; memorandum for fee motion, provide Bk feedback." ECF No. 22-1 at line 279. Thus, the Court is unable to determine how much time Cuddy spent specifically reviewing his own declaration.

adopted by, 2022 WL 17581774 (S.D.N.Y. Dec. 12, 2022), aff'd sub nom. by, Y.G., 2025 WL 2080218 (reducing hours billed in federal action by 50% in part due to "Bouchard's billing 4.4 hours to prepare a six-page declaration for [other Cuddy Law Firm attorney], who in turn spent 1.7 hours reviewing it").

Additionally, the declaration from Benjamin Kopp, which took some 5.2 hours to prepare (ECF No. 22-1 lines 273, 278), is merely a summary of cases and the related briefings in those cases. The declaration states that because "several fee decisions in this District state a need for the Court to review other cases' *Johnson* factors when cited by an affiant or other motion papers," the declaration was submitted "in anticipation that the Court might prefer the same without the need for a reply if the Defendant uses those decisions." ECF No. 23 at ¶ 4. Spending 5.2 hours to prepare this declaration (of which the DOE cited to one of the referenced cases) is not an efficient use of attorney time. D.P. v. New York City Dep't of Educ., No. 21-CV-27 (KPF), 2022 WL 103536, at *14-15 (S.D.N.Y. Jan. 10, 2022), aff'd sub nom. by, H.C., 71 F.4th 120 (reducing time billed for affidavits that included "irrelevant information" in "circumvention of the Court's page limits"); M.M. v. New York City Dep't of Educ., No. 20-CV-6915 (ER), 2022 WL 3043218, at *10 (S.D.N.Y. Aug. 2, 2022), aff'd sub nom. by, Y.G., 2025 WL 2080218 (reducing hours in federal action by 25% in part due to declarations that contained information "irrelevant to the issues presented"). Indeed, the Cuddy Law Firm is aware that other courts in this District have reduced hours billed for work on similar declarations submitted by the firm's attorneys, in part because the declarations offer legal and factual arguments (and not merely exhibits) and are thus "poorly-disguised efforts to circumvent the page limits set by the Federal Rules of Civil Procedure." D.P. v. New York City Dep't of Educ., No. 21-CV-27 (KPF), 2022

WL 103536, at *1 n.1 (S.D.N.Y. Jan. 10, 2022), aff'd sub nom. by, H.C. v. New York City Dep't of Educ., 71 F.4th 120 (2d Cir. 2023).

In short, the amount of time billed related to the declarations was also excessive. See H.W. v. New York City Dep't of Educ., No. 20-CV-10591 (RA), 2022 WL 541347, at *5 (S.D.N.Y. Feb. 23, 2022), aff'd sub nom. by, H.C., 71 F.4th 120 (reducing hours billed in federal action by 20% where "the number of hours billed by [the Cuddy Law Firm] to do [ ] 'cut-and-paste' work is unreasonable"); T.H., 2022 WL 16945703, at *7 (reducing fees award because "[the Cuddy Law Firm] used the same template for its complaint and summary judgment motion papers as it has used in other cases"); S.C., 2024 WL 1447331, at *7-8 (reducing hours in federal action by 25% in part because "billing 3.6 hours for the drafting of the handful of new paragraphs [in declarations] is not an efficient use of an attorney's time").

Finally, other courts in this District have found that billing around 40 hours, as occurred here, for a straightforward fee application is itself excessive. L.M. v. New York City Dep't of Educ., No. 21-CV-11175 (AT) (BCM), 2023 WL 2872707, at *11-12 (S.D.N.Y. Feb. 14, 2023), adopted by, No. 2023 WL 2495917 (S.D.N.Y. Mar. 14, 2023) (noting that 39.25 hours in federal action was "somewhat excessive for what amounts to a fee motion—particularly since plaintiff's brief and supporting papers in this action are clearly built upon models that [the Cuddy Law Firm] has used in many other recent cases"); L.C., 2025 WL 19850, at *9 (noting that 32.6 hours by the Cuddy Law Firm on the federal action was unreasonable because it concerned a straightforward fee petition and the action was very similar to other fee petitions that the firm had litigated); M.D. v. New York City Dep't of Educ., No. 21-CV-9180 (LGS) (KHP), 2022 WL 19406557, at *9 (S.D.N.Y. Oct. 21, 2022), adopted by, 2023 WL 2557408 (S.D.N.Y. Mar. 17, 2023), aff'd sub nom. by, Y.G., 2025 WL 2080218 (reducing hours in federal action by 40%

where the Cuddy Law Firm "billed a total of 46.9 hours to the instant federal action" which "far exceeds a reasonable amount of time for fee petitions") (collecting cases). And the unreasonableness of the total hours here is apparent when one considers that the Cuddy Law Firm has been representing U.F. for over a decade. See ECF No. 21 at 12; ECF No. 22 at ¶ 1; see also ECF No. 24 at ¶ 21. During that representation of U.F., the Cuddy Law firm commenced two federal actions seeking attorney's fees for work performed in an IDEA administrative proceeding. See U.F. et al v. New York City Dep't of Educ., No. 20-CV-7056 (AT) (S.D.N.Y. Aug. 31, 2020) at ECF No. 1; U.F. et al v. New York City Dep't of Educ., No. 22-CV-7052 (LGS) (JLC) (S.D.N.Y. Aug. 18, 2022) at ECF No. 1. The Cuddy Law Firm should have achieved more efficiency here, by leveraging the documents in those actions and its familiarity with the facts of U.F.'s case. But remarkably, the Cuddy Law Firm billed more hours here than it did in 2022 when it represented U.F. in another fee dispute. In the 2022 representation, the Cuddy Law Firm billed 27.2 hours for work in the federal action. See No. 22-CV-7052, ECF No. 22 at ¶ 77.

Given the overbilling discussed above by the Cuddy Law Firm in this straightforward action where the only issue litigated is attorney's fees, I recommend a 25% reduction in the hours billed in the federal action. H.W., 2023 WL 5529932, at *11-12 (reducing fees in federal action by 25% where the total amount billed was 42.5 hours); B.C., 2022 WL 3214374, at *2 (reducing fees in federal action by 25% where the total amount billed was 31.5 hours); F.N., 2022 WL 3544128, at *5-6 (reducing fees in federal action by 20% where the total amount billed was 29.1 hours).

I therefore recommend an award of fees for the federal action consistent with the chart below:

| FEDERAL ACTION | | | | | |
|---|---|---|---|---|---|
| Attorney | Adjusted Rate | Adjusted Hours | Recommended Hourly Rate | Recommended Hours (25% reduction) | Recommended Total |
| Andrew Cuddy | $490 | 3.4 | $415 | 2.55 | $1,058.25 |
| Erin Murray | $375 | 2 | $250 | 1.5 | $375.00 |
| Benjamin Kopp | $375 | 26.8 | $300 | 20.1 | $6,030.00 |
| Kenneth Bush | $325 | 1.5 | $225 | 1.125 | $253.13 |
| ChinaAnn Reeve | $180 | 1.1 | $125 | 0.825 | $103.13 |
| Shobna Cuddy | $180 | 3.4 | $125 | 2.55 | $318.75 |
| **Total** | | **38.2** | | **28.65** | **$8,138.25** |

C. Costs

"A district court may award reasonable costs to the prevailing party in IDEA cases." C.D. 2018 WL 3769972, at *12 (citing 20 U.S.C. § 1415(i)(3)(B)(i)(1)). Plaintiff requests $635.26 in costs. See ECF No. 21 at 34; ECF No. 22 ¶ 55. This amount includes: (1) the $402 filing fee in the federal action, (2) $205.00 in printing costs for the administrative proceeding, and (3) $28.26 in postage in the administrative proceeding. Id. The DOE does not object to reimbursement for the filing fee, postage, and printing costs, all of which are reasonable expenses for which courts have approved reimbursement. See, e.g., R.P. v. New York City Dep't of Educ., No. 21-CV-4054 (JMF), 2022 WL 1239860, at *7 (S.D.N.Y. Apr. 27, 2022), aff'd sub nom. by, H.C., 71 F.4th 120 (reimbursement granted for postage, printing, and filing fee).

However, Plaintiff seeks reimbursement for $205 in printing costs, which the billing records indicate was at a cost of $0.50 per sheet. See, e.g., ECF No. 22-1 lines 143, 214, 216 (entries showing per page billing cost and total of 410 pages). Courts in this District have found that a printing cost of $0.50 per page is "excessive" and have limited printing costs to $0.10 to $0.20 per page. R.G., 2019 WL 4735050, at *6-7; see also S.B., 2024 WL 1406559, at *10 (concluding that $0.50 per page is excessive and reducing to $0.10 per page); M.H., 2024 WL 5715891, at *12 (reducing printing costs from $0.50 per page to $0.20 per page). I thus recommend an award of printing costs at a rate of $0.15 per page, resulting in an amount of $61.50.

In sum, I recommend a total award of costs in the amount of $491.76.

| COSTS | | |
|---|---|---|
| **Due Process Hearing** | Print Cost (410 pages at $0.15 per page) | $61.50 |
| | Postage | $28.26 |
| **Federal Action** | Filing Fee | $402.00 |
| **Total** | | **$491.76** |

D.  Interest

Lastly, Plaintiff seeks pre-judgment and post-judgment interest on any award. See ECF No. 21 at 34. Post-judgment interest is mandatory on monetary awards in civil cases in federal court. See S.J. v. N.Y.C. Dep't of Educ., No. 20-CV-1922 (LGS), 2021 WL 100501, at *5 (S.D.N.Y. Jan. 12, 2021) (explaining that pursuant to 28 U.S.C. § 1961, "the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered") (internal quotation marks and citation omitted).

As to pre-judgment interest, Plaintiff argues it is warranted "for the devaluation in fees that Plaintiff is entitled to seek" because "the DOE did not respond to [Plaintiff's] counteroffer for over a year." ECF No. 21 at 33. "[T]he question of whether or not to award prejudgment

33

interest is ordinarily left to the discretion of the district court." H.C., 71 F.4th at 128 (internal

quotation marks and citation omitted). The Second Circuit has found that "delays in payment

may be remedied by application of current rather than historic hourly rates." Id. (internal

quotation marks, alteration, and citation omitted); see also M.H. v. New York City Dep't of

Educ., No. 20-CV-1923 (LJL), 2021 WL 4804031, at *31 (S.D.N.Y. Oct. 13, 2021), aff'd sub

nom. by, H.C., 71 F.4th 120 (declining to award pre-judgment interest when court applied

current rates); N.G.B. v. New York City Dep't of Educ., No. 20-CV-6571 (JGK), 2022 WL

800855, at *6 (S.D.N.Y. Mar. 16, 2022), aff'd sub nom. by, H.C., 71 F.4th 120 (declining to

award pre-judgment fees where the court "has taken any delay into account when determining

the reasonable hourly rates that [the Cuddy Law Firm] attorneys and paralegals should be

awarded"); S.S., 2025 WL 1042286, at *6 (declining to award pre-judgment fees where "[i]n

determining the award of fees and costs in this case, this Court used the current prevailing hourly

rates in this District"). Here, the Court has recommended awarding current prevailing hourly

rates in this District for the attorneys and paralegals in the case. As such, I recommend denying

an award of pre-judgment interest, but awarding post-judgment interest on the amounts of

attorney's fees and costs.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Plaintiff's motion be

**GRANTED** in part and **DENIED** in part. Specifically, I recommend that Plaintiff be awarded

$25,167.85 in attorney's fees and $491.76 in costs. I further recommend that Plaintiff be awarded

post-judgment interest, accruing from the date of judgment on the unpaid amount of the

judgment at the rate established by 28 U.S.C. § 1961(a).

**SO ORDERED.**

DATED:      New York, New York
            February 13, 2026

_____

VALERIE FIGUEREDO
United States Magistrate Judge

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Dale E. Ho. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**