UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.F., individually and on behalf of E.M., a child with a disability,<br><br>                    Plaintiff,<br><br>        v.<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                    Defendant. | 23 Civ. 8745 (DEH) (VF)<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

DALE E. HO, United States District Judge:

This case is referred to Magistrate Judge Valerie Figueredo for a report and recommendation on any fees applications. *See* Order, Feb. 26, 2024, ECF No. 11. On May 23, 2025, Plaintiff filed a Motion for Attorney's Fees and Costs. *See* ECF No. 20. On February 13, 2026, Magistrate Judge Figueredo issued a Report and Recommendation (the "Report" or the "R. & R."), recommending that Plaintiff be awarded fees of $25,167.85 and costs of $491.76, and that post-judgment interest should accrue in accordance with 28 U.S.C. § 1961(a). *See* ECF No. 49.

On February 27, 2026, each side filed objections to the Report. *See* Def.'s Objs., ECF No. 51; Pl.'s Objs., ECF No. 52. On March 13, 2026, Plaintiff responded to Defendant's objections. *See* Pl.'s Opp'n to Def.'s Objs. ("Pl. Opp'n"), ECF No. 53.

## A. Legal Standards

In reviewing a magistrate judge's report and recommendation,[1] a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] Motions for attorney's fees are treated as dispositive motions for purposes of Rule 72 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54(d)(2)(D) ("[T]he court . . . may refer a motion for attorneys' fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.").

magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" by any party. Fed. R. Civ. P. 72(b)(3).   To warrant *de novo* review, the objections must be "specific" and "address only those portions of the proposed findings to which the party objects."  *Pineda        v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011).[2]  A district judge may not reject a party's objections by "appl[ying] an additional qualification . . . [that] requir[es] that an objection may not reiterate . . . arguments already raised before the magistrate judge."  *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359-60 (2d Cir. 2025).  But, when a party has not properly made objections, for instance, by making "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers, it] will not suffice to invoke de novo review."  *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009); *see also Nambiar*, 158 F.4th at 361 ("But as we explained, [clear error review] should be applied *only* when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.").  For those portions to which no such objection is made, a district court need only satisfy itself that there is no "clear error on the face of the record." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022).

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability," based on "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  20 U.S.C. § 1415(i)(3)(B)-(C).  To calculate a "presumptively reasonable fee," a district court first determines the appropriate billable hours expended and sets a "reasonable

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

hourly rate." *Lilly v. City of New York*, 934 F.3d 222, 229-30 (2d Cir. 2019). Then, the district court "multipl[ies] the number of hours reasonably expended on the litigation times a reasonable hourly rate, resulting in a figure often referred to as the 'lodestar,' but which the Second Circuit prefers to call the 'presumptively reasonable fee.'" *R.P. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 4054, 2022 WL 1239860, at *2 (S.D.N.Y. Apr. 27, 2022). The Report followed this familiar formula to arrive a reasonable fee, and then further recommended a reduction under IDEA-specific fee caps. *See* Report 22-26.

### B. Plaintiff's Objections

Plaintiff objects first to the rates at which the Report recommends awarding fees. In substance, Plaintiff argues that the Report erred in recommending that Plaintiff's counsel's rates and hours be reduced. The Court takes each issue in turn.

*Rates*. Plaintiff objects to the Report's recommendation that the rates for Plaintiff's counsel be reduced, arguing that the Report erred by according undue weight to previous decisions awarding particular rates to Plaintiff's counsel, gave "zero" consideration to Plaintiff's "analysis or the underlying facts or evidence" suggesting that prevailing market rates are in fact higher at present, and failed to consider all of the relevant *Johnson* factors.[3] Pl.'s Obj. at 3.[4] But the Report considered the affidavits put forth by Plaintiff in support of the notion that higher market rates

---

[3] The *Johnson* Factors are "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany*, 522 F.3d 182, 187-90 (2d Cir. 2008).

[4] The Court refers to the ECF paginations for this document.

were appropriate, and declined to accord them dispositive weight, citing decisions from courts in this District rejecting similar affidavits. *See* Report at 10 (citing cases). The Report also considered the complexity of the underlying matter (or lack thereof), and noted that it was relatively short and not seriously contested, thus supporting a reduction in rates. *See id.* at 9-10. "[I]n setting a reasonable hourly rate," a district court "exercise[s] . . . considerable discretion." *Arbor Hill Concerned Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Upon *de novo* review, and with due consideration of the various *Johnson* factors, the Court agrees with the Report's well-reasoned recommendation and adopts its proposed rates.

*Hours Billed.* Plaintiff next objects to the 25% across-the-board reduction recommended by the Report for hours billed in connection with the federal proceeding. In making that recommendation, the Report relied in part on the fact that U.F. had two prior federal cases, and reasoned that Plaintiff's counsel should have leveraged the work in those cases to reduce the number of billed hours here. *See* Report at 27. Plaintiff argues that this is incorrect, because one of the cases did not involve any briefing at all, and that while the second case did involve briefing, the legal landscape has changed since then with the Second Circuit's decision in *H.C. v. N.Y.C. Dep't of Education*, 71 F.4th 120 (2d Cir. 2023). *See* Pl.s' Obj. at 4-5. The Court disagrees. *H.C.* concerned the issue of prejudgment interest, and is cited only a single time in Plaintiff's opening brief, *see* Mem. Law Supp. Mot. Att'y's Fees, ECF No. 21, at 24, which hardly justifies the hours expended on that brief. As the Report noted, more than half of the brief is devoted to reciting the background of this action, the experience of the legal staff, and the billing records. *See* Report at 27-28. The previous briefing could certainly have been leveraged to at least some extent here. Even leaving that aside, the Report carefully scrutinized Plaintiff's counsel's billing records, and found that 38.2 hours of work for the fees motion at issue here to be excessive given that "the motion papers are straightforward and do not present a novel or difficult issue of law." *Id.* at 27.

4

Plaintiff further objects to various instances of billing that the Report deemed excessive, and faulted the Report for not acknowledging efforts by Plaintiff's counsel to keep fees low. Pl.s' Obj. at 6. But "a district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *M.D. v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 2417, 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018). The Court has carefully reviewed Plaintiff's billing materials, and on *de novo* review, adopts the recommendation for a 25% reduction for Plaintiff's hours billed applicable to the federal action.

Accordingly, for the reasons stated above, Plaintiff's Objections are **OVERRULED**.

### C. Defendant's Objections

Defendant objects to the Report's failure to apply the IDEA's fee-capping provision, and in the alternative, argues that even if that provision does not apply, the Court should exercise its discretion to deny any fees in connection with the federal action. The Court addresses these objections in turn.

*Fee Cap.* The Report concluded that the IDEA's fee capping provision does not apply here because Defendant's settlement offer was not timely under that provision, as the offer was not made until almost one year after the August 10, 2022 administrative hearing. *See* Report at 26. Defendant does not meaningfully dispute this in its objection, arguing only that a reduction in fees would be appropriate to achieve some sort of rough justice. *See* Def.'s Obj. at 3. In making that argument, Defendant cites a decision of this Court applying the fees cap, *see M.H. v. N.Y.C. Dep't of Educ.*, No. 23 Civ. 6714, 2025 WL 2959348 (S.D.N.Y. Oct. 20, 2025), but there was no dispute in that case as to whether the settlement offer by the City was timely made. *See id.* at *3. Here, there is no meaningful dispute that the settlement offer was not untimely under the fees-capping provision, because it was not made within the timeline set forth in the IDEA's fee-capping provision. *See* 20 U.S.C. § 1415(i)(3)(D)(i) (providing, in the case of an administrative

proceeding, that an offer be made "more than 10 days before the proceeding begins").
Accordingly, the IDEA's fee cap does not apply here.

*The Court's Discretion*.  Defendant argues that, in the spirit of the IDEA's fee-capping provision, the Court ought to deny fees for the federal proceeding, because the amount that the Report ultimately recommended to be awarded in connection with the administrative proceeding ($17,029.60, *see* Report at 25), is less than the $20,000 that Defendant offered to settle this matter. *See* Def.s' Obj. at 2-4.  There is some logic to Defendant's argument that permitting fees for the federal action here could incentivize needless litigation.  The federal litigation here was not necessary to make Plaintiff whole for legal fees in connection with the administrative proceeding; as a practical matter, it served only to drive fees up further.  After reviewing the facts of this case, however, the Court nevertheless declines to exercise its discretion—which both sides acknowledge is broad—in the manner requested by Defendant.  *See* Pl.'s Resp. at 3 (acknowledging the Court's "extremely broad discretion"); Def.'s Obj. at 4 (acknowledging "great leeway" that courts have in this context, quoting *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 20 (2d Cir. 2014) (Summary Order)).  Here, while it is true that the amount to be awarded in connection with the administrative proceeding is lower than what the City offered to settle, it is not dramatically so.  If it were, or if there were some indication that Plaintiff should reasonably have expected that this might be the case at the time settlement was rejected,[5] the Court would likely exercise its discretion to reduce, if not deny altogether, fees for the federal litigation.  But on the facts of this case, the Court declines to do so.

Accordingly, for the reasons stated above, Defendant's Objections are **OVERRULED**.

---

[5] Plaintiff's counsel, however, is now on notice as to how courts in this District may treat their fee applications; they cannot claim surprise if, in a future case, when found to be entitled to a lower amount in fees for work in connection with an administrative proceeding than what the City offers in settlement, a court declines to award fees for additional work on the matter.

**D. Remainder of the Report**

The Court has reviewed these portions of the Report to which no party has objected, and has found no error, clear or otherwise. Accordingly, these portions of the Report are adopted in full.

## CONCLUSION

It is hereby **ORDERED** that the Report is **ADOPTED IN FULL.** Plaintiff shall recover $25,167.85 in attorney's fees and $491.76 in costs. These sums will be subject to post-judgment interest, pursuant to 28 U.S.C. § 1961(a). The parties are directed to meet and confer and submit a proposed judgment within fourteen (14) days of the date of this Order.

The Clerk of Court is respectfully directed to close the motion at ECF No. 21.

Dated: March 30, 2026
New York, New York

_____
DALE E. HO
United States District Judge

7